### JIOVELLINA vs. MINOR & AL.

Where property producing fruits is sold on a credit, the vendee owes no interest on the price until after a delay of payment.

APPEAL from the court of the first district.

The executor of the last will and testament of the plaintiff's mother, conjointly with the the plaintiff's guardian, sold to Stephen Minor, on the 19th of April, 1811, a house and lot in Bienville street, for the sum of seven thousand five hundred dollars, of which sum three thousand were paid at the time of sale ; two thousand four hundred thirty-nine dollars and twenty-five cents, to be paid in one year thereafter, and the balance of two thousand sixty

dollars and seventy-five cents, to be paid when
the vendors should raise a mortgage existing
upon the house and lot for this sum ; it being
understood that, if the mortgage should be
raised within a year, the purchaser should have
the whole year to pay, and if the mortgage
should not be raised within the year, the pur-
chaser was to have thirty days to pay, after
notice of its being raised. The mortgage was
raised on the 9th of February, 1829, and this
suit was brought to recover from the defendants
(who are heirs of Stephen Minor) two thou-
sand sixty dollars and seventy-five cents, the
balance of the purchase money, with interest
from the 19th of April, 1812. The defendants
in their answer plead a tender of the sum due,
but denied that any interest was chargeable.

It was admitted that, in 1819, the small
building which was on the lot, was replaced by
two three-story brick buildings, which cost
Stephen Minor twenty-four thousand dollars ;
that the sum due by the act of sale, whenever
the mortgage was raised, was duly tendered
within the term stipulated by the act of sale,
and it was only the interest on the sum which
the defendants had refused to pay. The plaintiffs
proved that the house and lot, at the time of the

Eastern District.
March, 1830.

JIOVELINA
vs.
MINOR & AL.

sale would have rented for twenty-five dollars per month.

The court below gave judgment for the plaintiff for the amount claimed, with interest from the 19th April 1812, and the defendants appealed.

*Pierce,* for appellants.

There is error in the judgment of the district court, for interest can only be charged on the price after it becomes due.—*Old C. C. p.* 268, *art.* 46.  *Hepp & al. vs. Ducros & al.* 3 *Mart, n. s. p.* 189.

Art. 84, of the old Civil Code, p. 360, intends to provide for cases where the price is due, and not to alter the existing law. This is presumed.

This is not conventional interest; and there are but two kinds known, legal and conventional. If it be legal, at what rate is it to be charged? It is not provided for by law. The legal interest is fixed by the laws of this territory, to wit :— at five per cent. on all sums which are the object of a judicial demand, and six per cent. for the interest of sums discounted in banks.—*Old C. C.*

*art.* 32, *p.* 408.—A price, which is not yet due
is not the object of a judicial demand.

*Dennis,* for appellees.

The only point which divides the parties is the question of interest. The appellee maintains that there is no error in the judgment below, because interest is due by the *Old C. C.* *p.* 361, *art.* 84—*p.* 271, *art.* 53—*art.* 1652 *of French Code—Pande's Francaises, p.* 105— *Poth. Con de Vente No.* 283, 284, 285, 286— *Jurisprudence, Code Napoleon, vol.* 14, *p.* 351 —*Journal du Palais, vol.* 34, *p.* 45.

MARTIN, J. delivered the opinion of the court. The plaintiff states that a lot of hers was sold by the testamentary executors of her mother, from whom she inherited it, and her guardian, to the defendants' ancestor, in 1811, and the premises being incumbered by a mortgage for a sum of about two thousand dollars, it was agreed that it should be retained by the vendee during one year, and then paid, if the mortgage was canceled, otherwise within thirty days after the vendee received notice of the canceling ; that a period of nineteen years had elapsed before

the mortgage could be canceled, and notice being given to the defendants, they became bound to pay the said sum, thirty days thereafter, with interest from the end of the year following the sale ; the property sold being productive of fruits, *i. e.* an annual rent, there being a house on it.

The defendants pleaded a tender (on the thirtieth day after notice) of the sum, denying any interest was due.

The tender was admitted—the plaintiff had judgment for the principal and interest from the end of the year following the sale. The defendants appealed.

The appellee's counsel has contended that a vendee of property producing fruits, owes interest from the day of the sale, even when he has a term for the payment of the price.

A number of French authorities have been produced which establish this proposition, in its fullest extent.–*Poth Contra de Vente,with Bernard's notes,n.*283—6 *Pandect's Francaises on art.* 1652 *of the Napoleon Code— Muleuille on Domat, Vente, tit.* 2, *sect.* 363 —*Id. interest.,* 5, 14,—6 *Toullier*, 681.

The article of the *Napoleon Code*, 1652, has been literally copied in our code of 1808,

—360, *art.* 84. " The buyer owes interest on the price of the sales, if the thing sold produces fruits or other increase."

It is not extraordinary that the courts of this state should give different opinions from those of the courts of France, on an article copied from the Napoleon Code in ours. The Napoleon Code introduced an entire new system, and abrogated all former laws. The confused state in which the civil laws of the country were plunged by the effect of the changes which happened in its government, having rendered it indispensable to make known the laws which had been preserved, after the abrogation of those which were contrary to the constitution of the United States, or irreconcileable with its principles, and to collect them in a single work, which might serve as a guide for the decisions of courts and juries, without recuring to a multiplicity of books, which, being for the most part written in foreign languages, offered, in their interpretation, inexhaustible sources of litigation.—1 *Moreau's Digest*, 220.

In giving their sanction to our code, the legislature abrogated only such parts of former laws, as were contrary to, or irreconcileable with its dispositions. *Id.* 224.

Pothier, however, who wrote before the Napoleon Code, has expressed his opinion against the position of the appellee's counsel, and teaches that the vendee of land, who has a delay to pay the price, owes no interest in the mean while. He cites in support of his conclusion, Covarrulias, a Spanish writer.

In examining, therefore, the pretensions of the appellee, we have entirely disregarded the opinions of French writers.

According to our laws, interest, in contracts to pay money, is the measure of damages to be paid by the party who neglects to comply with his engagements.—*C. Code*, 270.

These damages are due only when the debtor has delayed to comply with his obligation, except when the thing which the debtor had obliged himself to give or do, could not be given or done only at a certain time, which he has suffered to elapse.—*C. Code*, 268, *art.* 4. *Hepp & al. vs. Ducros*, 3 *M. n. s.* 189. By construing, therefore, the article 84 p. 360 of the Code, we conclude that the vendee of land is only chargeable with interest after a *delay* of payment.—*Pothier, vente n.* 28, 286.

Where property producing fruits is sold on a credit, the vendee owes no interest until after a delay of payment.

The Digest 1, 19, 13, 620, *de actionibus*
*vend. et empt.* on which the provisions of the
Napoleon and our Codes are evidently
based, applies to such cases only, in which
the debt is payable. It is so understood by
Rodriguez, 7 *Digesto Theoretico.*

Interest is with us either conventional or
legal.

In the present case, as there is no conven-
tion, legal interest only can be claimed. Our
laws know but two rates of legal interest.
That of *five* per cent. on all sums that
are the object of a judicial demand; *six*
per cent. on discounts in banks.—*C. Code*
408, *art.* 32. Now the money claimed by
the plaintiff in this case was tendered as
soon as it became the object of a judicial
*demand,* as soon as it was payable.

Generally speaking, interest is not due be-
fore a demand.—*C. Code* 270, *art.* 53. But
where the law makes them accrue of right, *id
est,* as in the case of a sale of a thing produ-
cing fruit, they become due on the *delay,*
without any previous demand or suit. And
this is the only difference between the sale of
such a thing or any other.

In sales on a credit, the vendor always requires a higher price than on cash sales, and is regulated by the extent of the credit. It would then be absurd for him to expect interest till the period of credit is elapsed. Many consider a sale, with interest from the delivery, as a cash sale. The position that interest is demandable before the day of payment, is absurd.

After that day, if the debtor be prevented by the act positive or negative of the creditor, or if the latter withdraw or conceal himself, the debtor is not in fault, and owes no interest or damages. His obligation to keep the money ready to be paid on demand, prevents him from parting with it to make it produce interest, except at his own risk.

In a late case, in the western district, *Miles vs. Odin & al.* 8 *Martin n. s.* **214**, we held that Brent, the vendee of a number of slaves, in whose hands a creditor of the vendor had attached the price, did not owe any interest during the pendency of the suit, although the judgment was protracted for several years. See also the case of *Boutuny vs. Ducournau*, 6 *Martin*, 657.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the plaintiff and appellee receive from the defendants and appellant the sum of two thousand sixty dollars and seventy-five cents, the plaintiff and appellee paying costs in both courts.